The Law Office of Shermin Lakha, PC
200 East 17th Street, 5A
New York, NY 10003
(917) 200-6977
contact@lvluplegal.com
www.lvluplegal.com

**Private & Confidential**

April 10, 2020

**Via Email to:**
Torres_NYSDChambers@nysd.uscourts.gov
**Honorable Analisa Torres, United States District Judge**
**Southern District of New York**

**Via Email To:**
dnabrams@gmail.com
David Abrams, Attorney at Law
305 Broadway, Suite 601
New York, NY 10007

| | |
|---|---|
| **RE:** | **Piyush Paleja v. KP NY Operations LLC a/k/a Kailash Parbat** |
| **Docket #:** | **20 Civ. 475 (AT)(KNF)** |
| | **Second Set of Pre-Motion Letters - Motion to Dismiss Under FRCP 12(b)(6) and CPLR 3211(a)** |

Dear Honorable Torres,

Pursuant to your Individual Practice Rule (III)(B) for filing a Motion to Dismiss, this is the second set of pre-motion letters which sets for the specific pleading deficiencies and other authorities that warrant a dismissal of Counts One and Two of Plaintiff's Amended Complaint.

The first set of pre-motion letters was filed by KY NY Operations LLC a/k/a Kailash Parbat (the "Defendants" or "Employer") on March 11, 2020 which described several deficiencies in the Complaint (Docket #1) and provided the attached Exhibits substantiating evidence of those deficiencies. A letter response was provided by the attorney for Piyush Paleja (the "Plaintiff" or "Employee") on March 17, 2020. Plaintiff filed an Amended Complaint (Docket #13) on March 26, 2020; however the Amended Complaint failed to address the described deficiencies in the first set of pre-motion letters.

For the reasons stated in this letter and based on the evidence provided, Defendants seeks to file a Motion to Dismiss Counts One and Two of the Amended Complaint pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6) and New York Civil Practice Law and Rules (CPLR) 3211(a) for failure to state a claim for which relief can be granted and lack of documentary evidence.

**I.   Plaintiff Was Not a Salaried Employee Working 70 Hours Per Week**

In Section IV Part 9 of the Amended Complaint, Plaintiff claims that he regularly worked approximately 70 hours per week as a salaried employee. This is false. As shown in the Employee Manual (Exhibit A) signed by the Plaintiff on July 17, 2015, Plaintiff was an hourly and not a salaried employee. Moreover, four (4) employees of that worked with Plaintiff anywhere from 3-5 years have confirmed that Plaintiff only worked approximately 45 hours per week (Exhibit B). Plaintiff's claim that he worked 70 hours per week and was paid a salary which was subject to a reduction based on the amount of hours worked is simply a false accusation used to create a frivolous cause of action in which he could attempt to seek a judgement against Defendant as his former employer. Plaintiff has absolutely no evidentiary support to validate his claim or rebut any of the evidence provided by Defendant.

The Law Office of Shermin Lakha, PC
200 East 17th Street, 5A
New York, NY 10003
(917) 200-6977
contact@lvluplegal.com
www.lvluplegal.com

II.     **Employee Received All Required Notices Pursuant to the Wage Theft Prevention Act**

In Count One of the Amended Complaint, Plaintiff alleges that Defendants failed to provide proper notices pursuant to the Wage Theft Prevention Act ("WTPA"), which requires that an employer give its employee written notice of its wage rates and payroll records. As shown in Exhibit A, Plaintiff received all required written notices pursuant WTPA which included: 1) rate pay and overtime pay; 2) pay by the hour, shift, day, week, and commission; 3) regular payday; 4) official name of the employer and any other names used for business (DBA); 5) address and phone number of the employer's main office or principal location; and 6) Allowances taken as part of the minimum wage [1]. Defendants also kept Payment Ledger from 2017 to 2019 in (Exhibit C) and a Check Ledger from 2017 to 2019 (Exhibit D) showing the actual amount Plaintiff was paid. Exhibits C and D have differing values due to the fact that Plaintiff requested that any overtime (OT) or bonuses paid not be reflected on his Paystubs so that he could continue to qualify for state and federal benefits. Thus, he specifically requested that these amounts be provided in separate checks.

Therefore under the WTPA, Plaintiff may not claim damages or penalties for unpaid wages, because as shown in the Exhibits provided and the information provided herein, there have been no unpaid wages owed to Plaintiff. In light of all of the circumstances and the fact that Plaintiff received all of the required notices required by the WTPA in the signed Employee Manual, the Defendants have provided sufficient evidence to support a Motion to Dismiss Count One.

III.    **Plaintiff Received Full Compensation for All Hours Worked Plus Overtime**

In Counts One and Two, Plaintiff alleges that Defendants did not properly compensate Plaintiff for the hours of OT worked which is false for the reasons stated herein.

The Fair Labor Standards Act (FLSA) requires that an employee must receive at least minimum wage and may not be employed for more than 40 hours a week without receiving one-half times their regular rates of pay for OT. Under New York State Department of Labor General Minimum Wage Requirements, the minimum wage was: i) $9.70 and $14.55 for OT in 2017; ii) $10.40 and $15.60 for OT in 2018; and iii) $11.10 and $16.65 for OT in 2019.[2] In order to accurately analyze all of the data, I included all of the data in Exhibits C and D into an Excel spreadsheet in (Exhibit E) which includes the following information:

- The amount and date Plaintiff received compensation as shown on his Paystubs
- The amount and date Plaintiff received as compensation checks to his Capital One Bank Account
- The amount he should have been paid in that month based on the 45 hours he worked (40 hours regular pay and 5 hours of overtime) as confirmed in the notarized affidavits from the employees under FLSA standards
- The amount of overpayment Plaintiff received monthly and annually

Based on the evidence provided in Exhibit E, there are no grounds for a claim that Plaintiff did not receive adequate compensation. As shown in Exhibit E, under the FLSA Plaintiff received

---

[1] "Wage Theft Prevention Act Fact Sheet." New York Department of Labor. https://labor.ny.gov/formsdocs/factsheets/pdfs/p715.pdf

[2] "History of the General Hourly Minimum Wage." New York State Department of Labor. https://labor.ny.gov/stats/minimum_wage.shtm

The Law Office of Shermin Lakha, PC
200 East 17th Street, 5A
New York, NY 10003
(917) 200-6977
contact@lvuplegal.com
www.lvuplegal.com

overpayment of $34,545.84 in 2017, $71,912.54 in 2018, and $82,597.07 in 2019. The FLSA and WTPA do not require that OT be paid on a weekly basis, but as soon as practicable. OT payments may be provided to an employee in a separate check or in addition to any bonus or incentive in which OT shall be deducted.

In the Amended Complaint, Plaintiff refers to New York Wage Order and Hospitality Industry, Section 146-3.5 which looks to an employee's Regular Rate instead of their base in order to calculate their amount of OT due, with details on how to perform such calculation in 29 CRF 778.114(b). However, even at the Regular Rate, based on a 45 hour workweek it is clear that the Plaintiff was not only adequately compensated but overcompensated based on the calculations of overpayment above.

In 2017, the Employer had to change its accounting system due to a breach, and the Employer has requested the relevant checks and images which were paid to Plaintiff from January to March 2017, and April to July 2017 to be mailed. Plaintiff had some payments pro-rated to him in August 2017 which he agreed to at that time. Due to Covid-19, the banks have been delayed in providing the relevant images for those checks.

## IV. Conclusion

Based on the evidence provided herein, it is clear that Plaintiff was paid well over the minimum wage amounts required by the FLSA as well as his Regular Rate calculated under the New York Wage Order for Hospitality. Therefore, Plaintiff's demand for unpaid back wages, overtime, and liquidated damages is a frivolous claim which relief cannot be granted. It is clear that Plaintiff is a prime example of a former employee who is seeking unjust enrichment without any real evidence to substantiate a claim. Moreover, Plaintiff has not suffered any injury due to any violation under the Wage Theft Prevention Act due to the fact he was paid well over the amounts he was owed, and he requested that the Employer not keep accurate records for his own benefit. Plaintiff has also hired another attorney, Mr. Amish Doshi, to seek $120,000 under a false claim that he is a shareholder of the Employer's company which the parties have now settled.

The combination of all of this evidence clearly shows that Plaintiff has failed to state a claim which relief can be granted. Thus Defendants seek to file a Motion to Dismiss under pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6) and New York Civil Practice Law and Rules (CPLR) 3211(a) for failure to state a claim for which relief can be provided and lack of documentary evidence.

I appreciate your Honor's time and consideration in this matter.

Sincerely,

_____
Byron A. Quintanilla, Esq.
*Counsel for Defendant*

Cc: Counsel of Record (via CM/ECF)