# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 4, 2020

**VIA ECF & E-MAIL**
Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

   *Re:* **Paleja v. KP NY Operations LLC**
     **Case No.: 1:20-cv-475 (AT) (KNF)**
     **MLLG File No.: 139-2020_____**

Dear Judge Torres:

  This firm represents the Defendant in the above-referenced case. Defendant writes pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules"), Local Civil Rule ("LCR") 37.2, and ¶ II(C) of this Court's Individual Practices in Civil Cases (hereinafter "Practices") to request an informal conference with the Court in anticipation of Defendant's motion for an Order compelling Plaintiff to make a disclosure required by Rule 26 and otherwise cooperate in discovery pursuant to Rule 37.

**Relevant Facts, Procedural History, & Efforts to Meet & Confer**

  Plaintiff filed his complaint against Defendant on January 17, 2020 asserting causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in this wage-and-hour case. See Docket Entry 1; see also Docket Entry 13 (first amended complaint). On July 16, 2020, your undersigned substituted as counsel for the Defendant. See Docket Entries 37-38.

  On August 18, 2020, the parties jointly moved for an extension of time to complete discovery because your undersigned contracted the corona virus and was required to quarantine at home for two (2) weeks. See Docket Entries 40 and 41 (this Court's Order granting joint motion). In addition, the parties agreed to submit a joint letter to this Court by September 7, 2020 concerning Plaintiff's request for information pursuant to LCR 26.1 and Defendant's objection to same.

  On August 24, 2020, Plaintiff sent to Defendant, *inter alia*, a draft joint letter concerning the parties' dispute under LCR 26.1 in PDF format. See copy of Plaintiff's draft joint letter annexed hereto as **Exhibit "A."** On the same date, Defendant asked that Plaintiff send a Word version of the draft letter. Plaintiff provided a Word document two (2) days later on August 26, 2020; bafflingly, he stripped it of his counsel's address and position. See copy of Word file produced by Plaintiff annexed hereto as **Exhibit "B."**

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
September 4, 2020
P a g e | **2**

Rather than engage Plaintiff in this tomfoolery, Defendant took the time to prepare a complete draft joint letter in Word format and sent Plaintiff same on August 27, 2020.  See copy of Word file submitted by Defendant to Plaintiff annexed hereto as **Exhibit "C."**  In Defendant's e-mail correspondence to Plaintiff, your undersigned specifically stated, in pertinent part:

> Attached is a final draft of the joint letter.  Assuming you do not make any further revisions to your letter, you may submit to the Court once you electronically sign it.  <u>Should you make any revisions, please do so in red line and submit to me in both PDF and Word formats fully intact so that I may review and determine whether I wish to make any further revisions</u>.

On September 1, 2020, despite the foregoing request, Plaintiff sent Defendant a revised draft letter in PDF format without redlining Plaintiff's revisions and removing Defendant's portion of the joint letter.  See copy of PDF file submitted by Plaintiff to Defendant annexed hereto as **Exhibit "D."**

On September 2, 2020, Defendant objected to this and demanded a fully intact Word version of the joint letter, as originally requested, with all revisions to Plaintiff's original letter redlined.  In response, on the same date, Plaintiff produced a Word version of the letter completely stripped of any content.  See copy of Word file submitted by Plaintiff to Defendant annexed hereto as **Exhibit "E."**  When Defendant objected yet again and demanded once more that Plaintiff cooperate in preparing the joint letter by sending Defendant a fully intact Word version of the joint letter with all revisions to Plaintiff's original letter redlined, Plaintiff sent a PDF file showing Plaintiff's revisions in redline with Defendant's position removed.  See copy of PDF file submitted by Plaintiff to Defendant on September 2, 2020 annexed hereto as **Exhibit "F."**  Defendant once more demanded that Plaintiff produce the joint letter so that the parties may comply with this Court's Order dated August 19, 2020 (see Docket Entry 41) and Plaintiff has refused to comply.

On September 3, 2020, Defendant asked Plaintiff when he is available to meet and confer telephonically as required by ¶ II(C) of the Practices to discuss the foregoing dispute and Plaintiff's failure to comply with Rule 26 by submitting a computation of Plaintiff's damages sought in the form of attorneys' fees in this case (discussed further *infra*).  On the same date, at approximately 4:29 PM, Plaintiff had a non-attorney law student intern contact your undersigned by telephone and did not participate in the call himself.  Your undersigned respectfully declined to discuss this discovery dispute with a non-attorney law student intern and, despite offering to conduct a telephonic meet and confer with Plaintiff's counsel *together* with his non-attorney law student intern, Plaintiff refused to do so.

Accordingly, Defendant was frustrated from complying with ¶ II(C) of this Court's Practices in the same manner it has been frustrated from submitting the joint letter to be filed by September 7, 2020 as Ordered by this Court on August 19, 2020.

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
September 4, 2020
P a g e | 3

After the foregoing exhaustive efforts to resolve these discovery disputes without resorting to this Court for a resolution, Defendant regrettably seeks this Court's assistance in compelling Plaintiff to cooperate in discovery and to stop from what can only be deemed as engaging in sharp practices, vexatious litigation, and conduct that is violative of Rule 1, which requires the parties to construe the Rules in order to secure the just, speedy, and inexpensive determination of every proceeding before this Court.

**Plaintiff Must be Compelled by Order to Cooperate in Discovery & be Sanctioned**

Rule 37 provides that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. See Fed. R. Civ. P. 37(a)(1).

Here, Defendant submits that Plaintiff is purposefully engaging in obstructionist tactics to frustrate Defendant and cause it to incur unnecessary costs and fees in defending this action. This is evidenced by Plaintiff's repeated failures to cooperate with Defendant in getting a simple joint letter out to this Court concerning discovery Plaintiff himself seeks.

Defendant anticipates, based on Plaintiff's prior representation, that Plaintiff will attempt to excuse his bizarre conduct in refusing to send a Word version of the proposed joint letter he, himself, sought to submit on the grounds that, somehow, the metadata contained in the Word version causes him vague and unspecified "concerns." To that end, Plaintiff's conduct is inexcusable; he may seek to have the metadata removed from the Word file prior to sending it to Defendant, or convert the Word file he drafted his letter on into a PDF with metadata removed and then copy that version of the file with all metadata removed into a blank Word file (giving it a *tabula rasa* effect), or he may simply live with the fact that there may be metadata in the Word file he submits to your undersigned like every attorney your undersigned has dealt with in preparing joint letters.

Accordingly, Defendant respectfully requests that the Court issue an Order: (i) precluding Plaintiff from seeking to compel Defendant to seek information pursuant to LCR 26.1; or, alternatively, (ii) directing Plaintiff to cooperate in discovery by submitting to Defendant a Word version of the original file Defendant sent to Plaintiff with Plaintiff's revisions redlined without otherwise removing anything therefrom; and (iii) granting to Defendant its attorneys' fees incurred in making this motion pursuant to Rule 37. See Fed. R. Civ. P. 37(a)(5)(A).

**Plaintiff Must be Compelled by Order to Amend his Initial Disclosures & be Sanctioned**

Rule 37 also provides that, if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(3)(A); see also Fed. R. Civ. P. 37(a)(4) (an evasive or incomplete disclosure must be treated as a failure to disclose).

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
September 4, 2020
P a g e | **4**

On August 24, 2020, Plaintiff served upon Defendant his "revised" Initial Disclosures. <u>See</u> copy of amended Initial Disclosures annexed hereto as **Exhibit "G."** There, Plaintiff identifies "[a]ttorneys' fees and costs" as a form of damages sought and states "[i]n the event he prevails in this matter, [Plaintiff] will submit a fee application at the appropriate time."

Rule 26 of the Federal Rules of Civil Procedure provides that a party must provide, *inter alia*, a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii). A plaintiff's computation of damages enables the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement. <u>See</u> <u>Allstate Ins. Co. v. Nassiri</u>, 2011 U.S. Dist. LEXIS 79866, 13-14 (D. Nev. July 20, 2011).

Plaintiff's statement that he will submit a fee application in the event he prevails is both nonresponsive and fails to comply with Rule 26, which requires parties to provide a computation of *each category* of damages, including attorneys' fees. Indeed, there is no exclusion under Rule 26 for this category of damages. Further, with respect to costs, to the extent any have been incurred, Plaintiff has no excuse whatsoever for failing to submit a computation of same.

The parties exchanged extensive correspondence concerning this dispute and have been unable to reach a resolution. Defendant sought to meet and confer with Plaintiff regarding this issue on September 3, 2020 in conjunction with the parties' dispute concerning the joint letter and Plaintiff refused to cooperate, instead having a non-attorney law student intern contact me.

Because Plaintiff refuses to cure this deficiency, Defendant seeks that Plaintiff be precluded from seeking damages for attorneys' fees as he has failed to provide a computation of his damages related thereto. <u>See</u> <u>Jaquez v. Flores (In re Estate of Jaquez)</u>, 2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17, 2016) (collecting cases); <u>see</u> <u>also</u> <u>Raymond Ng v. HSBC Mortg. Corp.</u>, 2008 U.S. Dist. LEXIS 102493 (E.D.N.Y. Dec. 18, 2008) (precluding plaintiff from seeking damages for item for which he failed to provide a computation of damages); <u>Serin v. Northern Leasing Sys.</u>, 2010 U.S. Dist. LEXIS 142713 (S.D.N.Y. Oct. 25, 2010) (ordering full disclosure of damages under Rule 26(a)(1) and failure to comply could result in sanctions such as the exclusion of testimony at trial on the issue of damages); <u>Richmond v. General Nutrition Ctrs., Inc.</u>, 2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9, 2012) (precluding plaintiffs at trial from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery).

Alternatively, should this Court deny Defendant's the foregoing relief, Plaintiff should be compelled by Order to supplement his initial disclosures by providing his contemporaneous billing records showing the number of hours worked (and totaled) with his counsel's sought-after reasonable hourly rate and all billing entries, appropriately redacted if necessary to preserve privilege.

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
September 4, 2020
P a g e | **5**

  In addition, this Court should grant to Defendant attorneys' fees incurred for drafting this motion pursuant to Rule 37.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A).

**Conclusion**

  Pursuant to this Court's Individual Practices in Civil Cases ¶ 1(B), Defendant respectfully submits a courtesy copy of this letter and the enclosures as an attachment via email.

  Defendant thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
   September 4, 2020         Respectfully submitted,

                **MILMAN LABUDA LAW GROUP PLLC**

                _____/s_____
                Emanuel Kataev, Esq.
                3000 Marcus Avenue, Suite 3W8
                Lake Success, NY 11042-1073
                (516) 328-8899 (office)
                (516) 303-1395 (direct dial)
                (516) 328-0082 (facsimile)
                emanuel@mllaborlaw.com

Enclosures.

**VIA ECF**
Hon. Kevin Nathaniel Fox, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
Courtroom 228
New York, NY 10007-1312

**VIA ECF**
David Abrams, Attorney at Law
305 Broadway, Suite 601
New York, NY 10007-1101
(212) 897-5821 (office)
dnabrams@gmail.com

*Attorney for Plaintiff*

**VIA E-MAIL**
Client