David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

August 27, 2020

**VIA ECF & E-MAIL**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Analisa Torres, U.S.D.J.
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

      *Re:*    **Paleja v. KP NY Operations LLC**
                <u>Case No.: 1:20-cv-475 (AT) (KNF)</u>

Dear Judge Torres:

      I represent the Plaintiff in the above-referenced action. Pursuant to Your Honor's individual practices and Your Honor's Order of August 19, 2020, I am writing to bring to the Court's attention a discovery dispute which has arisen.

      More specifically, Defendant has failed to provide information pursuant to Local Rule 26.1.

      By way of background, this matter is a wage hour dispute brought by my client against his former employer, a restaurant. Pending is my client's motion to add an individual named Gary Mulchandani as a Defendant. My client alleges that Mr. Mulchandani is an owner and chief manager of the restaurant. Defendant denies these claims, asserting that Mr. Mulchandani was merely a worker like my client. The Employer's claim is suspect: As noted in my motion papers, various newspaper articles refer to Mr. Mulchandani as an owner, and even the Facebook page of Defendant's prior attorney refers to Mr. Mulchandani as a "founder" of the restaurant.

      In any event, in order to shed some light on these issues, I sent Defendant's counsel a request pursuant to Local Rule 26.1, which Rule states in part as follows:

> A party shall furnish to any other party, within seven (7) days after a demand, a verified statement setting forth:
>
> (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;
>
> (b) If the responding party is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

Although the primary purpose of Local Rule 26.1 is to allow litigants to assess diversity jurisdiction, there is nothing in the rule itself which indicates that its application is limited to diversity cases. Here, given the conflicting information over who the principals of the Defendant are, it would be useful to have the Defendant provide that information in verified form.

In addition to my request pursuant to Local Rule 26.1, I also served a set of interrogatories on the Defendant asking it to identify its officers, managers, shareholders, and so forth. A copy of the interrogatories are attached here to. Clearly all of these persons are potential witnesses as to the relationship of Gary Mulchandani with the Defendant restaurant.

Accordingly, I am respectfully requesting that the Court direct the Defendant to promptly provide the above-requested information.

**Defendant's Position:**

Defendant KP NY Operations LLC (hereinafter "Defendant") respectfully submits that Plaintiff's request for discovery must be denied for several reasons.

First, Plaintiff's request pursuant to Local Civil Rule ("LCR") 26.1 is misguided. The Committee Note to LCR 26.1 makes it clear that it exists as a tool for determining quickly whether or no there is a basis to challenge diversity jurisdiction. As Plaintiff was informed on July 16, 2020, Defendant objects to producing the information on that ground.

Second, even if Plaintiff nonetheless propounded an interrogatory or made a request for production of documents concerning the information referenced in LCR 26.1, he would still not be entitled to the information he seeks. In wage and hour matters, individuals cannot be held liable solely on the basis that they are an owner or a manager, which forms the basis of Plaintiff's request. However, neither basis is valid for the purposes of Plaintiff's stated inquiry, i.e., whether Mr. Mulchandani should be held liable as an employer under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"). Indeed, the law of the Second Circuit holds that there must be more than just "[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function . . . ." to hold a person liable as an employer under the FLSA. See Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013). Rather, the individual defendant "must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." Id. In other words, "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Id. at 104 (citation and internal quotation marks omitted). Thus, in answering this question, the Second Circuit employs the "economic reality" test, which analyzes "the totality of the circumstances and consider[s] whether the alleged employer '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" See Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (citing Irizarry, 722 F.3d at 105)).

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

In that regard, Plaintiff's quest for a verified statement setting forth a natural person party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332 and a limited liability company's partners or members, as well as the state or other jurisdiction of the limited liability company's formation is a fool's errand.

Accordingly, Plaintiff's request for the foregoing information must be denied and Defendant trusts that Plaintiff will make appropriate requests for discovery based on the guidance set forth in <u>Irrizary</u>.

Dated: New York, New York
August 27, 2020

                                                                                            Respectfully yours,

                                                                                            **DRAFT**

                                                                                          David Abrams

**<u>VIA ECF</u>**
Milman Labuda Law Group PLLC
<u>Attn</u>: Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com