**David Abrams, Attorney at Law**
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

September 1, 2020

To:    Hon. Analisa Torres    (by ECF)
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, NY 10007

Re:    <u>Paleja v. KP NY Operations LLC, Case No. 20cv475 (AT)</u>

Dear Judge Torres:

    I represent the Plaintiff in the above-referenced action.  Pursuant to Your Honor's individual practices and Your Honor's Order of August 19, 2020, I am writing to bring to the Court's attention a discovery dispute which has arisen.

    More specifically, Defendant has declined to disclose the identities of its owners and managers, which information was requested pursuant to Interrogatories as well as Local Rule 26.1.

    By way of background, this matter is a wage hour dispute brought by my client against his former employer, a restaurant.  Pending is my client's motion to add an individual named Gary Mulchandani as a Defendant.  My client alleges that Mr. Mulchandani is an owner and chief manager of the restaurant.  Defendant denies these claims, asserting that Mr. Mulchandani was merely a worker like my client.  The Employer's claim is suspect:  As noted in my motion papers, various newspaper articles refer to Mr. Mulchandani as an owner, and even the Facebook page of Defendant's prior attorney refers to Mr. Mulchandani as a "founder" of the restaurant.

    Accordingly, I have served discovery requests seeking information concerning the ownership and management of the Defendant.  More specifically I have served the attached Interrogatories which request the following information:

> Identify each officer, manager, or other authorized official of the Employer for the previous 6 years including name, address, position held, and dates for which such position held.

> Identify each owner, shareholder, and/or member of the Employer during the last 6 years including name, address, amount of ownership, and dates of ownership.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

    In addition, I have served a request pursuant to Local Rule 26.1, which provides as follows:

> A party shall furnish to any other party, within seven (7) days after a demand, a verified statement setting forth:
>
> (a) If the responding party is a natural person, that party's residence and domicile, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;
>
> (b) If the responding party is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation.

    Defendant has resisted producing this information on two grounds.  First, Defendant argues, in essence, that the information sought is irrelevant on the ground that ownership, standing alone, is insufficient to require a finding of individual liability under the Fair Labor Standards Act.  While it is true that ownership is not dispositive of the question of individual liability, it is obviously relevant to the question.  *See*, *e.g.*, *Ansouma v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003) ("One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an `employer' for the purposes of FLSA.") (citation omitted).

    Moreover, Plaintiff is seeking not only the identities of owners but also officers, managers, and authorized officials.  Clearly this is an issue relevant to individual liability.

    Most importantly, all of the owners, managers, and officers can be expected to be witnesses to the relationship between Gary Mulchandani and the Defendant.  It is worth emphasizing that this relationship is a hotly disputed issue:  Plaintiff alleges that Mr. Mulchandani is the primary owner and manager of the Defendant; the Defendant denies this and insists that Mr. Mulchandani is a mere worker.

    Defendant's second argument is that Local Rule 26.1 is inapplicable because this matter is not a diversity claim.  Although the primary purpose of Local Rule 26.1 is to allow litigants to assess diversity jurisdiction, there is nothing in the rule itself which indicates that its application is limited to diversity cases.  In any event, this objection is somewhat academic given that Defendant has been served with an interrogatory requesting all of this information and then some.

    Accordingly, I am respectfully requesting that the Court direct the Defendant to promptly provide the above-requested information.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

**Defendant's Position:**

                                          Respectfully yours,

                                          **DRAFT**

                                          David Abrams

Enclosures

cc:     Defendant's Counsel                              (by ECF)