**David Abrams, Attorney at Law**
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

September 7, 2020

To:   Hon. Kevin N. Fox                                                   (by ECF)
      United States District Court
      500 Pearl Street
      New York, NY 10007

Re:   <u>Paleja v. KP NY Operations LLC, Case No. 20cv475 (AT)</u>

Dear Judge Fox:

      I represent the Plaintiff in the above-referenced action. I write in response to Counsel's letter of September 4, 2020 in which he seeks various discovery remedies. I apologize that this is not being submitted in the form of a joint letter as indicated by the individual practices of Your Honor and Judge Torres. However Defendant's counsel has already submitted his position unilaterally so this would appear to be the best option. As set forth in more detail below, I have bent over backwards in an attempt to satisfy Defendant's counsel's escalating demands that this matter should be conducted precisely according to his whims without compromise. Rather than respond point by point to Counsel's letter, I will skip to the end in the interest of brevity.

      Most importantly, and as set forth in more detail below, I absolutely did not refuse to have a joint meet-and-confer call with Defendant's counsel as he claims. Rather, I advised Defendant's counsel that I would consider his demand and asked him to provide times when he was available for a call. Counsel ignored my good faith attempt to reach out to him and instead filed his application without giving me the opportunity to insert my position.

      It is correct that after Counsel complained to me that I had not sent him a draft joint letter in a satisfactory file format, I attempted to have my law student intern, Ms. Walkenfeld, call him to discuss his needs and how they could be accommodated. Ms. Walkenfeld has a family member who is a computer expert and who would have been happy to volunteer in fixing this issue in a way that provides Counsel the information he wants while addressing my security concerns. Counsel refused to speak to Ms. Walkenfeld, insisting that the meet and confer requirement could be satisfied only with an admitted attorney on the line.

      Although it appeared that Counsel was more interested in stirring up controversy than solving the problem, I sent him an email promptly thereafter indicating that I would consider his demand and stating in part as follows:

> Kindly provide me with (1) times in the next couple of days in which you are free to talk on the telephone regarding the issues you have raised; and (2) any authority you wish to share that it is legally impermissible for me to delegate the issue to Ms. Walkenfeld.

      Instead of responding to this email, a few hours later Counsel filed the current application with the Court incorrectly representing that I had refused to speak to him.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353, Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

Counsel's application is both premature and lacking in merit for the following reasons. First, Counsel failed to make a good faith attempt to resolve these matters through the meet and confer process.  He refused to speak to the individual who was best positioned to address his concerns regarding file format on the ground that the person was not an attorney and then added insult to injury by refusing to provide times when he could speak with a suitable representative, instead going straight to the Court.

Second, the concerns raised by Counsel are meritless.  The only reason Counsel would need a draft letter in word processor format is if he were going to edit or copy the text I created.  Counsel has offered no reason why he would want to do that.  A blackline in PDF format (which was provided) should be more than sufficient.  By contrast, I raised a valid concern that providing the word processor versions of the document might unintentionally reveal meta-data and offered to have a computer expert assist in taking care of this issue -- an offer that was rebuffed.

Finally, Defendant's counsel himself failed to provide me with the opportunity to provide an insert to his own letter of Friday.  This is a violation of the individual practices of both Your Honor and Judge Torres which both require that such disputes be submitted in the form of a joint letter.

I should also note that with respect to Plaintiff's Rule 26 disclosures, the normal practice is for attorneys fees calculations to be submitted at the end of the matter in the event that Plaintiff prevails or if there is a settlement.  This common sense intuition is confirmed by the Court's opinion in *Murray v. Miron*, Case No. 11 cv 629 (D. Conn. July 1, 2015).  In that case, the Court stated that the Plaintiff "did not violate Rule 26[] by failing to provide a computation for her demand for . . . attorney's fees."  (*Id.* at 10).

Finally, Counsel's request for sanctions is completely lacking in merit to put it politely.  If anyone should be sanctioned here it is Defendant's counsel for refusing to orally confer and for turning a simple dispute which could have been easily resolved into a battle which requires Court intervention.  In any event, I would respectfully ask that (1) Defendant's counsel be directed provide times when he is available to speak to Ms. Walkenfeld regarding the computer file issue (I will join the call if the Court so directs) and (2) Defendant's issues with the attorney fee disclosure be put over until such time as a fee application may be necessary; and (3) all other relief sought by the Defendant be denied.

                                                                            Respectfully yours,

                                                                            David Abrams

cc:    Defendant's Counsel                              (by ECF)