UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PIYUSH PALEJA,

                                      **Case No.:** 1:20-cv-475 (AT) (KNF)

                    Plaintiff,

      -against-

KP NY OPERATIONS LLC a/k/a KAILASH
PARBAT,

                    Defendant.
------------------------------------------------------------------X


# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE KEVIN NATHANIEL FOX'S SEPTEMBER 28, 2020 ORDER <u>COMPELLING DISCOVERY</u>


Dated:  Lake Success, New York
          October 5, 2020

                                              **MILMAN LABUDA LAW GROUP PLLC**

                                              By:  */s   Emanuel Kataev, Esq.*          
                                              Emanuel Kataev, Esq.
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (office)
                                              (516) 303-1395 (direct dial)
                                              (516) 328-0082 (facsimile)
                                              emanuel@mllaborlaw.com

                                              *Attorneys for Defendant*

**PRELIMINARY STATEMENT**

This is a wage-and-hour action in which the Plaintiff is simultaneously, in a separate action in the Supreme Court of the State of New York, New York County, seeking to assert his rights as a putative shareholder of the Defendant.

At issue in this case is whether Plaintiff was: (i) employed by Defendant as an employee; (ii) engaged in commerce or the production of good for commerce, or that he was employed by an enterprise engaged in commerce or the production of goods for commerce; and (iii) not paid by Defendant as required by law.

Despite these limited issues, Defendant was ordered to respond to Plaintiff's interrogatories and produce a witness for a deposition to answer questions concerning the same limited area of inquiry contained in interrogatories seeking completely irrelevant information to this case and incur the great expense of preparing for and defending an otherwise entirely unnecessary and avoidable deposition.  Further, Plaintiff failed to meet his burden to establish that the witness he seeks to compel the deposition of is an officer, director, or managing agent of the corporate defendant.

For these reasons, Defendant respectfully submits that the Order by the Hon. Kevin Nathaniel Fox, U.S.M.J. (hereinafter "Judge Fox") must be set aside.

**FACTS**

On January 17, 2020, Plaintiff commenced the instant action by filing a complaint pursuing causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime wages under both laws and for failure to provide certain notices under the NYLL.  See Docket Entry 1.  Plaintiff amended his complaint on March 26, 2020 with additional facts, albeit seeking the same relief.  See Docket Entry 13.

1

On May 20, 2020, this Court entered a Civil Case Management Plan and Scheduling Order (the "Scheduling Order"). See Docket Entry 23. Among other things, the Scheduling Order required the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules") and the Local Rules of the Southern District of New York (hereinafter "LCR"). Id. at ¶ 6.

Prior to that, on May 14, 2020, Plaintiff filed a letter motion seeking to amend the pleadings to include an individual named Mr. Gary Mulchandani (hereinafter "Mulchandani") as a defendant because Defendant, by and through predecessor counsel, advised Plaintiff that it is in financial distress. See Docket Entry 22. On May 27, 2020, this Court entered an Order setting forth a briefing schedule for Plaintiff's anticipated motion to amend the complaint and add him as a Defendant. See Docket Entry 26. On June 3, 2020, Plaintiff moved this Court to amend the complaint to include Mr. Gary Mulchandi as a defendant. See Docket Entries 28-29. Plaintiff did not seek to add anyone else as a defendant. See Docket Entry 29. This motion is fully briefed and remains *sub judice*.

On September 4, 2020, this Court entered an Order of reference to a magistrate judge for general pretrial issues, including discovery. See Docket Entry 43. On September 24, 2020, the parties filed a joint letter pursuant to ¶ 2(A) of Judge Fox's Individual Rules of Practice, in which Defendant argued against Plaintiff's motion to compel (1) the deposition of Anika Malhotra ("Malhotra"); (2) Defendant's responses to Plaintiff's interrogatories concerning the identity of each owner, shareholder, and/or member of the corporate Defendant, KP NY Operations LLC. See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl.") ¶ 3, Ex. A at 2.

Defendant argued that information sought is irrelevant and moving forward with depositions on this irrelevant subject would be unjust, prolonged, and expensive.

Indeed, the work involved in conducting depositions and the attendant risk of necessitating continuing depositions in the event additional documents are produced by the parties after the deposition made it violative of Rule 1.

On September 28, 2020, Judge Fox entered an Order granting both motions made by Plaintiff on the grounds that the information sought by Plaintiff from Malhotra is relevant and that Plaintiff may use the methods of discovery in any sequence he selects.  See Kataev Decl. ¶ 4, Ex. B.  Judge Fox also compelled Defendant to respond to Plaintiff's interrogatories seeking the same information on the ground that Defendant did not oppose this request.  Id.

Defendant respectfully submits that Judge Fox's Order is both clearly erroneous and contrary to law and thus must be set aside.

## STANDARD OF REVIEW

"A district court may designate a magistrate judge to 'hear and determine any pretrial matter pending before the court....'"  See 28 U.S.C. § 636(b)(1)(A).  A party may serve and file objections within fourteen (14) days to a Magistrate Judge's Order after being served with a copy of the Order to which it objects to.  See  Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)).[1]  Rule 72(a) governs "pretrial matter[s] not dispositive of a claim or defense of a party."  See  Wahad v. F.B.I., 132 F.R.D. 17, 20 (S.D.N.Y. 1990)  ("If the motion at issue is nondispositive then a district court is to disturb the magistrate's order only if it is shown that the ruling is 'clearly erroneous or contrary to law") (citing Fed. R. Civ. P. 72(a)).

---

[1] Judge Fox entered the Order at issue here on September 28, 2020, and this motion is made on October 5, 2020, seven (7) days later, and thus within the fourteen (14) day time limit.

3

Rule 72(a) directs the Court to consider objections to a Magistrate Judge's ruling on a nondispositive matter and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.

A magistrate judge's discovery orders are generally considered "nondispositive" of the litigation. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." See Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep., 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). This standard of review is "highly deferential," see id. at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," see MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc., No. 12 Civ. 7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citation omitted).

Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," see Thai Lao Lignite (Thailand) Co., 924 F. Supp. 2d at 512, and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate's discovery order], and indeed may not be deemed objections at all," see Khatabi v. Bonura, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (citation omitted) (collecting cases); see also Creighton v. City of New York, No. 12-CIV.-7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the inherent authority to consider further evidence in reviewing rulings on nondispositive matters, such discretion should rarely be exercised in this context, because the district court functionally operates as an appellate tribunal under Rule 72(a) ...." (internal quotation marks omitted)).

4

## ARGUMENT

## POINT ONE

## JUDGE FOX'S ORDER WAS CLEARLY ERRONEOUS

"An order is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" See United Parcel Serv. of Am., Inc. v. The Net, Inc., 222 F.R.D. 69, 70-71 (E.D.N.Y. 2004) (quoting Thompson v. Keane, No. 95-CIV.-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996))). A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice pursuant to Rule 30(b)(1). See Dubai Islamic Bank v. Citibank, N.A., No. 99-CIV.-1930, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002). The burden is on the examining party (here, the Plaintiff) to establish the status of the witness (Malhotra) as an officer, director, or managing agent of the Defendant, see JSC Foreign Economic Ass'n Technostroyexport v. Intl. Dev. and Trade Services, Inc., 220 FRD 235, 237 (S.D.N.Y. 2004)

Plaintiff sought to compel the deposition of Malhotra pursuant to Rule 30(b)(1) on the ground that she was reported to be the primary owner and operator of the Defendant. See Kataev Decl., ¶ 3, Ex. A at 1. In support of this factual contention, Plaintiff cites to a memorandum of law submitted by Defendant earlier in this litigation through prior counsel. See Docket Entry 30-1. In that memorandum of law, which the Defendant submitted: (i) in opposition to Plaintiff's motion to amend the complaint to include Mulchandani as a Defendant; and (ii) in support of Defendant's motion to dismiss the complaint, the Defendant argued that Plaintiff's motion to amend the complaint must be denied because Mulchandani is not an employer under the FLSA or NYLL and explained that Malhotra participated in the decision to hire him in or about May 1, 2015. See Id.

5

As explained by Defendant in opposition to Plaintiff's motion to compel discovery, however, the memorandum of law has no evidentiary value. See DeFilippo v. N.Y. State Unified Court Sys., No. 00-CV-2109 (NGG) (JMA), 2006 WL 842400, at *17 n.13 (E.D.N.Y. 2006) (refused to give evidentiary value to statements in memorandum of law by pro se plaintiff who was also attorney); see also Spitzer v. Shanley Corp., 151 F.R.D. 264, 267 (S.D.N.Y. 1993) (holding that a statement made in a memorandum of law has no evidentiary value).

As such, Defendant respectfully submits that there is no question that a mistake has been committed. Plaintiff should not be entitled to move forward with the deposition of an individual that he has failed to establish with any admissible evidence whatsoever that Malhotra is an officer, director, or managing agent of the Defendant.

Indeed, based on the evidence before this Court, Plaintiff had not met his burden at all to establish that Malhotra is an officer, director, or managing agent of the Defendant subject to deposition by notice pursuant to Rule 30(b)(1). This is especially so because Defendant represented to Plaintiff that Malhotra has little knowledge about the issues relevant to this case and taking her deposition would be a waste of time; Defendant even offered to conduct the deposition of the corporate Defendant first to see if that deposition resolves his questions and allow Plaintiff to then determine whether another deposition is necessary, which Plaintiff refused. See Kataev Decl. Ex. A. Though this statement is equally of no evidentiary value, it is not the Defendant's burden to prove that Malhotra qualifies as an officer, director, or managing agent of the Defendant. It is Plaintiff's burden, and he has failed to meet it.

Accordingly, for these reasons, Defendant respectfully submits that Judge Fox's Order is clearly erroneous.

## POINT TWO

## JUDGE FOX'S ORDER WAS CONTRARY TO LAW

An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." See Ahmed v. T.J. Maxx Corp., No. 10-CIV.-3609 (ADS) (ETB), 2013 WL 2649544, at *7 (E.D.N.Y. Jun. 8, 2013) (citing Catskill Dev., L.L.C. v. Park Place Entrn't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Rule 1 provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Permitting plaintiffs to proceed with early discovery should be prevented based on Rule 1 because plaintiffs have employed abusive litigation tactics to extract settlements from defendants. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 89 (E.D.N.Y. 2012), report and recommendation adopted *sub nom.* Patrick Collins, Inc. v Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012).

Here, the Defendant is reeling from the financial impact of COVID-19 upon its business and moving forward with a costly and financially burdensome deposition for which its counsel will have to spend much time, effort, and fees preparing for and conducting at this early stage of the litigation prior to completing paper discovery simply makes no sense. Indeed, Congress is busy at work negotiating a $120 trillion dollar grant to buoy restaurants under the RESTAURANTS Act.[2]  See https://www.congress.gov/bill/116th-congress/house-bill/925.

This is all the more reason this Court should not permit Plaintiff to engage in abusive litigation tactics such as a premature deposition to uncover completely irrelevant information.

---

[2] The acronym stands for Real Economic Support That Acknowledges Unique Restaurant Assistance Needed To Survive.

7

Indeed, and more importantly, the discovery sought by the Plaintiff – the identity of each officer, manager, or other authorized individual of the corporate Defendant and the identity of each owner, shareholder, and/or member of the corporate Defendant – is not relevant to Plaintiff's claims.

To determine whether an individual is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on "whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Irizarry v. Catsimatidis, 722 F.3d 99, 104-105 (2d Cir. 2013) (citation omitted). The statutory standard for employer status under the NYLL "is nearly identical to that of the FLSA." See Hernandez v. JRPAC, Inc., No. 14-CIV.-4176, 2016 WL 3248493, at *22 (S.D.N.Y. June 9, 2016); Switzoor v. SCI Engineering, P.C., No. 11-CIV.-9332, 2013 WL 4838826, at *6 (S.D.N.Y. Sept. 11, 2013) (noting that the courts of the Southern District of New York have applied the same employer analysis to the FLSA and NYLL); see also NYLL §§ 190(3), 651(6).

Notably, ownership is not a factor to consider in determining the issue of liability by an individual as an employer under either the FLSA nor the NYLL, and – as such, this inquiry is not relevant to Plaintiff's claims.

Accordingly, for the foregoing reasons, Judge Fox's Order is contrary to law.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the Court: (1) set aside Judge Fox's Order dated September 28, 2020, and (2) for such other and further relief as this honorable Court deems just and proper.

8

Dated:   Lake Success, New York
            October 5, 2020

                **MILMAN LABUDA LAW GROUP, PLLC**

                By:   */s    Emanuel Kataev, Esq.*
                Emanuel Kataev, Esq.
                3000 Marcus Avenue, Suite 3W8
                Lake Success, NY 11042-1073
                (516) 328-8899 (office)
                (516) 303-1395 (direct dial)
                (516) 328-0082 (facsimile)
                emanuel@mllaborlaw.com

                *Attorneys for Defendant*