UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PIYUSH PALEJA,

                                          **Case No.:** 1:20-cv-475 (AT) (KNF)

                            Plaintiff,

      -against-

KP NY OPERATIONS LLC a/k/a KAILASH PARBAT,

                            Defendant.
------------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE KEVIN NATHANIEL FOX'S <u>SEPTEMBER 28, 2020 ORDER COMPELLING DISCOVERY</u>

Dated:  Lake Success, New York
          October 26, 2020

                                          **MILMAN LABUDA LAW GROUP PLLC**
                                          Emanuel Kataev, Esq.
                                          3000 Marcus Avenue, Suite 3W8
                                          Lake Success, NY 11042-1073
                                          (516) 328-8899 (office)
                                          (516) 303-1395 (direct dial)
                                          (516) 328-0082 (facsimile)
                                          emanuel@mllaborlaw.com

                                          *Attorneys for Defendant*

**PRELIMINARY STATEMENT**

Plaintiff argues that there is a dispute over who was involved in the management and control of the restaurant, that all of the owners and managers are potential witnesses, and that Anika Malhotra (hereinafter "Malhotra") is a suitable witness based on Defendant's own submissions to the Court. Plaintiff is wrong on all three (3) fronts.

First, the only relevant issues in this case are whether: (i) the Defendant employed Plaintiff; (ii) Gary Mulchandani (hereinafter "Mulchandani"), the putative defendant, employed Plaintiff; (iii) Plaintiff engaged in interstate commerce or the Defendant otherwise meets the requirement for enterprise coverage under the Fair Labor Standards Act ("FLSA"); and (iv) Plaintiff worked hours for which he was not properly compensated under the law.

Management and control of the restaurant is not relevant to this case; management and control over Plaintiff is. Owners and managers of a restaurant are not automatically be deemed to be witnesses by virtue of their ownership or management; rather, there must be some basis for calling any such individuals as witnesses, i.e., they interacted with the Plaintiff and are likely to have knowledge of facts relevant to the issues outlined above.

At issue in this motion is whether the Hon. United States Magistrate Judge Kevin Nathaniel Fox ("Judge Fox") clearly erred or made a ruling which was contrary to law in his September 28, 2020 Order granting Plaintiff's letter motion to compel: (1) the deposition of Malhotra; and (2) Defendant's responses to Plaintiff's interrogatories concerning the identity of each owner, shareholder, and/or member of the corporate Defendant, KP NY Operations LLC (the "Order").

Critically, Plaintiff is not seeking to hold Malhotra liable as an employer in this case, nor has he adduced any evidence that Malhotra was present in the restaurant and witnessed Mulchandani manage Plaintiff. Her testimony is thus unnecessary concerning these issues.

1

Further, there's no admissible evidence that Malhotra hired, fired, managed, or kept employment records for Plaintiff, nor that she is an officer, director, or managing agent of the Defendant, which is required for Plaintiff to avail himself of a deposition by notice pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").

Plaintiff cites to arguments made in Defendant's memorandum of law (which was submitted by predecessor counsel), categorically inadmissible evidence, as proof that Malhotra should be required to submit to a deposition. However, these statements – even if they constituted admissible evidence (which they do not) – are not relevant to the question before this Court, which is whether Plaintiff has met his burden to establish that Malhotra is an officer, director, or managing agent of the Defendant under Rule 30(b)(1).

The Plaintiff and Judge Fox also err, respectfully, in stating that Defendant did not object to responding to the interrogatories. Defendant respectfully submits that Judge Fox's one (1) page limitation his Individual Rules of Practice as applied to the parties' joint letter outlining the underlying discovery dispute resolved by the Order made it difficult, if not impossible, to articulate fully that Defendant objected to both Malhotra's deposition and the interrogatories propounded by Plaintiff.

Defendant respectfully submits that Judge Fox erred and that his Order is contrary to law; the Order must thus be set aside.

## ARGUMENT

## POINT ONE

### JUDGE FOX'S ORDER WAS CLEARLY ERRONEOUS & CONTRARY TO LAW IN DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES

Plaintiff contends that Defendant has waived any argument concerning the Order based on Judge Fox's finding because he submits that Defendant did not object to the interrogatories and implicitly conceded that they were proper. Plaintiff's arguments are meritless.

Rule 26 provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Rule 26(b)(1).

Here, as set forth in Defendant's moving papers (and in its joint letter submission to Judge Fox), the interrogatories at issue (which requests the identity of each officer, manager, member, or other authorized individual of the corporate Defendant) do not seek information that is relevant to Plaintiff's claim that he was not paid properly or whether he was employed by the Defendant or Mulchandani, the putative defendant.

Defendant properly objects to responding to the interrogatories in this case when Plaintiff has already commenced an action in the Supreme Court of the State of New York, New York County against Defendant and others for, among other things, a declaratory judgment that he is a ten percent (10%) shareholder of the Defendant and to compel the Defendant to distribute Plaintiff's share of the Defendant's profits by virtue of his approximately $60,000.00 capital contribution to the Defendant (hereinafter the "State Court Action").

In this regard, a response to these interrogatories is not only irrelevant and not proportional to the needs of this case, but it should also be denied given the importance of the issues at stake in *this* action, not the State Court Action. This Court should be guided by Plaintiff's true purpose in seeking a response to this interrogatory, which is to aid him in the State Court Action. This Court must thus leave that discovery issue to be resolved where it belongs.

Plaintiff argues that Rule 26 is broad, that Defendant's owners and managers are all *potential* witnesses who are *likely* to be able to shed light on the relationship between Mulchandani, the Plaintiff, and the Defendant, and that the interrogatories here are necessary to explore the critical issue of whether Mulchandani is an employer under the law. These arguments do not entitle Plaintiff to responses to his interrogatories.

First, as set forth above, an analysis under Rule 26 warrants sustaining Defendant's objection despite its broadness.

Second, Plaintiff's suspicion that Defendant's owners and managers are potential witnesses who are likely to be able to shed light on whether Mulchandani is an employer under the FLSA is misguided because: (i) Mulchandani is not currently a defendant in this case; (ii) the interrogatories are overly broad and can be narrowly tailored to ask whether Mulchandani is an owner, manager, member, etc.; (iii) neither Plaintiff nor Defendant have identified any such owners, managers, members, etc. as witnesses in their Rule 26 disclosures (copies of which are annexed as **Reply Exhibits "A" and "B,"** respectively); and (iv) being an owner, manager, or member alone is not enough to warrant identification when, rather, any owner, manager, or member who has had contact with Plaintiff and physically worked in the restaurant would be more relevant.

Third, as discussed *supra*, this Court should be guided by Plaintiff's true purpose in seeking a response to this interrogatory, which is to aid him in the State Court Action.

Finally, Plaintiff cites to Ansouma v. Gristede's Operating Corp., a nearly two (2) decade old decision, which holds that officers and owners of corporations *may* be deemed employers under the FLSA. See 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003). Plaintiff actually quotes from the Sixth Circuit's decision in U.S. Dept. of Labor v. Cole Enters., Inc., 62 F.3d 775, 778 (6th Cir. 1995).

However, both of these cases have received extensive negative treatment in subsequent decisions. Even if Ansouma and Cole Enters., Inc. were applicable (which they are not), Plaintiff has failed to establish or even assert that either Mulchandani, Malhotra, or anyone has operation control over the Plaintiff (as required by Ansouma), or a *significant* ownership interest in Defendant, controls significant functions of the business, *and* determines salaries and makes hiring decisions, etc., as set forth in Cole Enters., Inc. Moreover, in his Amended Complaint in the State Court Action, Plaintiff pleads that Malhotra sold her ten percent (10%) membership interest to him, rendering the interrogatories even more so irrelevant.

It is worthy to note that Plaintiff failed to comply with Local Civil Rules 5.1 and 37.1 as his original motion and current opposition papers do not specify each discovery request and response to which his application is addressed. Because Plaintiff relies in his papers on technical grounds to defeat Defendant's objections, he should similarly be held to such technical rules.

It bears mentioning, in addition, that Judge Fox's ruling requiring Defendant to respond to Plaintiff's interrogatories was both clearly erroneous and contrary to law, and Plaintiff has not set forth any authority as to why it was not. Defendant respectfully submits that Judge Fox's ruling concerning the interrogatories was clearly erroneous because it found that Defendant did not object to responding to them; as set forth in the joint letter and further here, Defendant did object to the interrogatories. Further, Defendant respectfully submits that Judge Fox's ruling concerning interrogatories was contrary to law because ownership is irrelevant to the issues in this case.

5

Accordingly, this Court should set aside the Order in its entirety, including with respect to Judge Fox's directive to Defendant to respond to the interrogatories, which Defendant's objections to same should be sustained.

**POINT TWO**

**JUDGE FOX'S ORDER WAS CLEARLY ERRONEOUS & CONTRARY TO LAW IN DIRECTING DEFENDANT TO PRODUCE MALHOTRA FOR A DEPOSITION**

Plaintiff remarks that it is ironic that his interrogatories interposed above are being objected to which supposedly prevent him from making the factual showing necessary to entitle him to depose Malhotra as an officer, director, or managing agent under Rule 30(b)(1), yet he does not dispute that he maintains the burden of establishing just that to entitle him to the deposition he seeks. This burden, however modest, was simply not met by a single piece of admissible evidence submitted by Plaintiff in his joint letter, and – as he further concedes – he is unable to do so now in response to the instant motion.

Forced, as he is, to rely on his initial submission, Plaintiff blindly relies on arguments made in Defendant's memorandum of law by predecessor counsel. However, as set forth in Defendant's moving papers, those papers do not constitute evidence which this Court may use to find as a matter of fact that Plaintiff met his modest burden.

There is no reasonable basis to believe Malhotra is subject to a deposition; even if there were, that is not the standard under Rule 30(b)(1). Perhaps Plaintiff should focus on deposing the parties in this case, i.e., those actually identified in the parties' respective initial disclosures, and respond to Defendant's discovery demands, rather than seek to litigate his commercial business shareholder's dispute in this simple and straightforward wage and hour action.

For the same reasons, Defendant respectfully submits Judge Fox clearly erred and his Order was contrary to law with respect to his directive requiring that Malhotra be deposed.

6

A clear error was made by Judge Fox where he failed to consider that Plaintiff relied on inadmissible evidence to meet his burden, however modest, to prove that Malhotra is an officer, director, or managing agent of the Defendant as required under Rule 30(b)(1). For the same reason, Defendant respectfully submits that Judge Fox's ruling was contrary to law.

Accordingly, this Court should set aside the Order in its entirety, including with respect to Judge Fox's direction to Defendant to produce Malhotra for a deposition.

## POINT THREE

### PLAINTIFF'S COMMENTARY REGARDING EFFICIENCY HOLDS NO WEIGHT

Plaintiff argues that Defendant cannot complain of the costs of litigation because Defendant is expending time and effort objecting to Plaintiff's baseless discovery demands rather than simply acquiescing to them.

He cites to an unrelated September 4, 2020 letter motion, which was brought about by Plaintiff's own obstinance in preparing a joint letter after sending a non-attorney law student in his place for telephonic meet-and-confers, which Judge Fox ruled was improper. It is irrelevant here.

Plaintiff also fails to acknowledge the existence of the State Court Action, which Defendant submits is the driving force behind his interrogatories and the pursuit of Malhotra's deposition.

Defendant's discovery demands, which have not yet been answered by Plaintiff because he represented to Defendant that he needed additional time to respond to same, are tailored specifically to the heart of the issue in this case, i.e., whether Plaintiff is actually an employee under the FLSA and NYLL given his role as a shareholder who assumed the risks of loss and liabilities of the Defendant to the extent it corresponded to his alleged membership interest of ten percent (10%) and for which he received dividends based on the profit earned by the Defendant commensurate with his membership interest.

7

Defendant respectfully submits that it is both inappropriate and disingenuous of Plaintiff to seek additional time to respond to Defendant's discovery demands, to then use the additional time to instead pursue Plaintiff's perceived deficiencies in Defendant's discovery responses.

These ancillary issues concerning who else has an interest have nothing to do with this case and are focused and directed on Plaintiff's efforts to prevail in the State Court Action. Accordingly, Defendant's objections to Plaintiff's interrogatories must be sustained and his notice of deposition to Malhotra must be stricken because the discovery sought is irrelevant and Plaintiff failed to meet his burden to establish Malhotra is an officer, director, or managing agent of Defendant such that she is subject to a deposition by notice pursuant to Rule 30(b)(1).

Plaintiff should instead propound interrogatories concerning the relevant issues in this case, i.e., (i) who hired Plaintiff; (ii) who terminated Plaintiff, if anyone; (iii) who paid Plaintiff; (iv) who set the schedule for Plaintiff, if anyone; and (v) who kept employment records for Plaintiff.

## CONCLUSION

Based upon the foregoing, and its arguments in its moving papers, Defendant respectfully requests that the Court: (1) set aside Judge Fox's Order dated September 28, 2020, and (2) for such other and further relief as this honorable Court deems just and proper.

Dated: Lake Success, New York
October 26, 2020

**MILMAN LABUDA LAW GROUP, PLLC**

By: */s    Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*