UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PIYUSH PALEJA,

**Case No.:** 1:20-cv-475 (AT) (KNF)

         Plaintiff,

 -against-

KP NY OPERATIONS LLC a/k/a KAILASH PARBAT,

         Defendant.
-------------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE KEVIN NATHANIEL FOX'S DECEMBER 2, 2020 MEMORANDUM & ORDER DENYING DEFENDANT'S LETTER MOTION FOR <u>AN EXTENSION OF TIME TO COMPLETE DISCOVERY</u>

Dated: Lake Success, New York
    December 29, 2020

**MILMAN LABUDA LAW GROUP PLLC**
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*

## **PRELIMINARY STATEMENT**

In opposing Defendant's objections, Plaintiff argues that Defendant squandered its time to complete discovery by litigating what he perceives as unimportant matters aggressively. However, Defendant was merely forced to react to Plaintiff's abusive discovery tactics that were designed to help Plaintiff in his sister state court action in which he asserts he is a partner of the Defendant (which, as a judicial admission, precludes Plaintiff from maintaining the wage-and-hour claims he brings here). Plaintiff cleverly filed this case first in January 2020 and, several months later, filed a separate action in state court in May 2020 claiming that he was an owner of the Defendant.

An extension of time to complete discovery is required in this case for a multitude of reasons. First, there is no prejudice to Plaintiff because closing discovery will merely result in teeing this case up for a jury trial which will not happen for the foreseeable future due to the backlog of cases awaiting trial as a result of the coronavirus pandemic. There would, however, be substantial prejudice to Defendant (and Plaintiff), as they would be precluded from conducting depositions during the long period of time they would await a trial. Second, dispositive motions are likely to resolve this case based on Plaintiff's judicial admissions that he was an owner of the Defendant in his state court action, and discovery is necessary to flesh out the facts on this issue. Third, good cause exists for an extension of time to complete discovery as set forth in Defendant's moving papers.

Plaintiff inappropriately attacks Defendant in stating that Defendant failed to pursue the discovery he now seeks although the Plaintiff, himself, stipulated to an extension of time for Defendant to serve its discovery demands on him and later, himself, requested an extension of time to respond to those discovery demands. This is a classic example of bad faith tactics and gamesmanship that courts should prevent.

Similarly, Plaintiff points to Defendant's September 4, 2020 letter motion that was prompted by Plaintiff's counsel's refusal to work with Defendant to prepare a joint letter which Judge Fox denied as meritless and frivolous while failing to acknowledge that in his decision, Judge Fox ordered Plaintiff's counsel to be present for any future meet and confer session (which means, in effect, Judge Fox granted Defendant's motion in part on account of Plaintiff's conduct).

Upon examination of the record as a whole, Defendant respectfully submits that this Court should find that Defendant had good cause warranting an extension of time to complete discovery and was diligent and has acted in good faith in pursuing discovery as well as responding to Plaintiff's discovery demands.

Because Plaintiff's opposition provides no basis to deny Defendant's motion, and fails to address the "clearly erroneous" and "contrary to law" prongs in analyzing a Rule 72 motion, Judge Fox's Order denying an extension of time to complete discovery must be set aside.

## ARGUMENT

### POINT ONE

**GOOD CAUSE EXISTS FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

As set forth in its moving papers, which Plaintiff fails to address under the Rule 72 standard of review, Defendant respectfully submits that Judge Fox's December 2, 2020 Order denying Defendant's letter motion for an extension of time was clearly erroneous because: (i) Judge Fox overlooked that this Court's Scheduling Order permitted interim discovery deadlines to be extended without leave of the Court; (ii) Defendant's counsel was required to quarantine at home for fourteen (14) days and faced a significant backlog of work upon return to the office; and (iii) assessing the Plaintiff's sister state court action delayed discovery as it impacted Plaintiff's claims in this case and required review for conflicts of the nearly dozen defendants named therein.

Similarly, no good cause exists for denying an extension of time to complete discovery because a trial is not foreseeable in this case for months or perhaps even a year due to the pandemic, and Plaintiff cannot otherwise establish any prejudice by being required to complete discovery. The only result of overruling Defendant's objections to Judge Fox's December 2, 2020 Order would be to reward Plaintiff's gamesmanship and permit him to hide behind the Order to avoid a deposition which would undoubtedly result in narrowing the issues for trial or otherwise assist in the resolution of this case by settlement or dispositive motion practice. With a trial not anticipated to commence for many months, and likely not for another year, there is certainly time for depositions to take place. Further, Defendant also respectfully submits that Judge Fox's December 2, 2020 Order denying Defendant's letter motion for an extension of time was contrary to law because the Second Circuit prefers cases to be decided on the merits and overruling Defendant's objections will frustrate the parties in doing so and otherwise result in a trial by ambush because Defendant has no sense of what testimony Plaintiff will provide in support of his case. Defendant submits that overruling its objections to the Order would crush the soul of Rule 1 of the Federal Rules of Civil Procedure because the length of delay in getting to a trial combined with the time and expense involved in litigating a case to trial without the benefit of actually completing discovery is unjust, results in time lost due to trial preparation without the benefit of a deposition transcript from the Plaintiff, and resultantly more expensive.

Instead of addressing these arguments, Plaintiff speculates that your undersigned worked from home during quarantine and relies on a September 2, 2020 filing by your undersigned in support of his contention that "there is no indication that [its counsel] was hospitalized or otherwise had a serious case" and that your undersigned "was simply required to follow a quarantine and presumably work from home from August 16, 2020 until August 31, 2020."

3

Plaintiff's presumptions, which are without any basis in fact, are both inaccurate and unavailing. Initially, your undersigned's "filing" in this other case was submitted upon his return to the office following recovery from the corona virus. The filing is a letter motion for an extension of time to respond to the complaint in that case. The lack of an indication of being hospitalized – which is private medical information and which does not establish the lack of severe symptoms related to coronavirus (as there is insufficient space in hospitals for every single person with coronavirus symptoms) – within that letter does not support Plaintiff's presumptions. If anything, the filing represents your undersigned's *inability* to work from home because an answer was due on August 17, 2020 in that case and your undersigned filed a letter motion for an extension of time to answer *after* that deadline on September 2, 2020 pursuant to Rule 6. See Fed. R. Civ. P. 6(a)(1)(B); see also Reply Declaration of Emanuel Kataev, Esq. at ¶ 3, Reply Ex. "A."

After your undersigned's return to the office, though your undersigned had a significant backlog of work, Defendant completed its responses to Plaintiff's discovery demands, which were timely served (pursuant to the parties' August 18, 2020 stipulation) on September 15, 2020. See Kataev Decl. ¶ 17, Ex. J (noting that Defendant's counsel will have the right to seek additional time should he develop serious symptoms *or for other good cause*). The day prior, Defendant served its discovery demands upon Plaintiff, including Defendant's: (i) first set of interrogatories; (ii) first request for the production of documents; and (iii) first requests for admission. Though his responses were due on October 14, 2020, Plaintiff sought a thirty (30) day extension of time to respond on September 29, 2020, to which Defendant consented. Id. at ¶¶ 18-19.

Plaintiff served his responses to Defendant's discovery demands on November 13, 2020, the Friday before the fact discovery deadline in this case, leaving no time to assert any deficiencies to Plaintiff's responses. Id. at ¶¶ 20-21. Neither party held depositions to date. Id. at ¶ 28.

4

Plaintiff also refers to the parties' pending discovery disputes, which is the subject of a pending Rule 72 motion before this Court (see Docket Entries 48-50, 54, 58-59), and "aggressive litigation tactics" to argue that good cause does not exist to grant an extension of time to complete discovery. Plaintiff is misguided for several reasons.

First, as set forth above, Plaintiff sought discovery in this case which really related to his sister state court action in which he unequivocally states he is a partner of the very Defendant he is suing here. This is palpably improper; neither the identity of *other* owners of the Defendant nor the deposition of Anika (who Plaintiff conceded in his state court pleadings is a nominal shareholder, in name only on behalf of her father, and thus is not likely to have any relevant knowledge as to the issues in this case) will assist the parties in addressing the merits of this case. In that regard, referring to Anika as Defendant's "claimed principal" is inappropriate. Indeed, Plaintiff alleges in his state court complaint who the owners are.

Second, Defendant has otherwise completely responded to Plaintiff's discovery demands and there remain no other discovery disputes.

Third, pointing to these discovery disputes ignores the fact that Defendant was not afforded a full opportunity to conduct discovery given the intricacies involved in Plaintiff's judicial admissions in the state court action (which have a direct impact on this case) and the delay occasioned by your undersigned's contracting the corona virus, which delayed his ability to both work on this case during his required quarantine period and thereafter due to the backlog of work required in other cases. Responding to Plaintiff's inappropriate discovery demands in this case (which were really a ploy to obtain discovery for his sister state court action) further bogged Defendant down and impeded its ability to pursue discovery. Defendant thus respectfully submits there can be no finding it was not diligent in pursuing discovery under these circumstances.

Fourth, merely because – according to Plaintiff – Defendant has been "aggressively doing battle" cannot deprive Defendant of its right to conduct depositions. Some cases require more motion practice than other cases, which is why courts routinely extend discovery deadlines for good cause. Accordingly, because of Plaintiff's sophistry, Defendant respectfully submits that this Court should exercise careful scrutiny of Plaintiff's representations in this case.[1]

Plaintiff also argues that your undersigned's need to interview witnesses and check for conflicts in the state court action could not, in and of itself, prevent Defendant from seeking discovery or otherwise prevent Defendant from adequately prosecuting this case. This is inaccurate, as Defendant's discovery demands are rife with interrogatories, requests for admission, and requests for the production of documents concerning Plaintiff's judicial admissions that he was a partner of the very Defendant he sues in this case. Indeed, Defendant's discovery demands focused on the very statements Plaintiff made in the state court action (and conveniently omitted in this case); this required careful review and analysis of Plaintiff's complaint in the state court action in addition to seeking standard discovery in a wage-and-hour case, resulting in delay. Indeed, Plaintiff's twenty (20) page, 125-paragraph complaint in the state court action, which was later amended to include seven (7) exhibits and had to be reviewed for any substantive changes to the allegations within, necessitated further research given that this is not a standard wage-and-hour case filed by a rank-and-file employee, but by a putative partner courts hold to not be an employee.

---

[1] Plaintiff submits that new arguments and factual assertions cannot properly be raised for the first time in objections to a Magistrate Judge's discovery Order. However, as set forth in Defendant's moving papers, a district court has the inherent authority to consider further evidence in reviewing rulings on non-dispositive matters, and Defendant respectfully submits that – given the circumstances present in this case – this Court should exercise such discretion herein to consider said further evidence and arguments. See Creighton v. City of New York, No. 12-CIV.-7454 (PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015).

Plaintiff also argues that Defendant has failed to offer a satisfactory explanation as to why a request for an extension of time to complete discovery was not made five (5) days in advance as required. This is also inaccurate. As set forth in Defendant's declaration in support, after your undersigned was retained as counsel and entered his appearance on July 16, 2020, Defendant's counsel's support staff entered every deadline related to this case, including the deadline to complete fact discovery, but regrettably failed to calendar the five (5) day deadline to move for an extension of time to complete discovery. See Kataev Decl. ¶¶ 11-12. Defendant only received Plaintiff's responses to its discovery demands on Friday November 13, 2020 and noticed on Monday, November 16, 2020 that fact discovery closed on that day upon review of the firm calendar and immediately sought an extension of time to complete discovery. Id. at ¶¶ 20-21. See Nelson v. Gleason, No. 14-CIV.-870A, 2016 WL 6875857, at *3 (W.D.N.Y. Nov. 22, 2016) (finding excusable neglect for missing deadline where "the delay arose from law office failure, since counsel failed to note the deadline for answering") (citing Hunt v. City of Auburn, No. 5:13-CIV.-1039, 2014 WL 6476169 (N.D.N.Y. Nov. 19, 2014) (quoting De Curtis v. Upward Bound Int'l, Inc., No. 09-CIV.-5378, 2012 WL 4561127 (S.D.N.Y. Sept. 27, 2012) aff'd, 529 Fed. Appx. 85 (2d Cir. 2013)); Elexco Land Servs. v. Hennig, No. 11-CIV.-214, 2011 U.S. Dist. LEXIS 44207, at *3-4, 5 (W.D.N.Y. Apr. 25, 2011) (failure of defense counsel to diary Answer due date was careless and apparently not willful, granting motion to set aside default against defendant)).

Here, Defendant properly explains that excusable neglect exists due to its counsel's support staff's omission in calendaring the five (5) day advanced deadline to move for an extension of time to complete discovery in advance of the fact discovery deadline. Good cause therefore undoubtedly existed for granting an extension of time to complete discovery.

**POINT TWO**

**CONDUCTING FURTHER DISCOVERY WOULD NOT BE COUNTERPRODUCTIVE**

Plaintiff also argues that giving Defendant the opportunity to serve deposition notices will result in "dozens of discovery disputes at the depositions; which will result in multiple rulings by Judge Fox; which will result in more Rule 72 Objections[2] to the District Court; and so forth." Plaintiff's argument is improper and unavailing.

Plaintiff's speculation that there may be future motion practice concerning discovery is unfounded, and, in any event, anticipated motion practice is not a basis to deprive a party of the right to conduct depositions.

It must also be noted that Plaintiff did not oppose Defendant's motion for an extension of time to complete discovery *in toto*. See Kataev Decl. ¶ 24, Ex. H ("I object to the Defendant's untimely application *to the extent it seeks the opportunity to serve deposition notices or additional discovery request*s" and "[t]o the extent the Defendant is seeking an extension of discovery in order to resolve pending discovery issues which are still outstanding, I have no objection to the Defendant's request") (emphasis added). In that regard, Defendant should, at a minimum, be entitled to pursue motion practice to the extent there are any deficiencies in Plaintiff's responses to its discovery demands.

In any event, Plaintiff's qualified objection is palpably an end-around to avoid submitting to a deposition and must be denied because the Second Circuit favors resolution of cases on their merits in avoiding a trial by ambush and preventing Defendant of an opportunity to depose Plaintiff constitutes a manifest injustice.

---

[2] Your undersigned respectfully submits that he can count on one (1) hand the number of Rule 72 motions he has ever filed in over seven (7) years of practicing law.

Numerous courts in the Second Circuit have so held.  See Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The purpose of [discovery] rules is to avoid 'surprise' or 'trial by ambush'") (Torres, J.); State v. United Parcel Serv., Inc., 253 F. Supp. 3d 583, 684 (S.D.N.Y. 2017), aff'd, 942 F.3d 554 (2d Cir. 2019) ("The Federal Rules of Civil Procedure are designed, inter alia, to prevent trial by ambush") (Forrest, J.); see also United States v. Quebe, 321 F.R.D. 303, 312 (S.D. Ohio 2017) ("And, if discovery ends without finality in the specific [details a party must provide to the other], summary judgment or trial by ambush could well emerge, further prejudicing [a party] and further impeding a just, speedy, and inexpensive administration of this case").

Indeed, the "basic purpose" of the Federal Rules of Civil Procedure is to "eliminate trial by ambush" and encourage full disclosure of relevant information among the parties.  See Ginns v. Towle, 361 F.2d 798, 801 (2d Cir. 1966); see also, e.g., Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 295 (2d Cir. 1979); In re Zyprexa Injunction, 474 F. Supp. 2d 385, 414–15 (E.D.N.Y. 2007).  As such, Defendant respectfully submits that Judge Fox's Order was contrary to law.

**POINT THREE**

**DEFENDANT HAS NOT "CHANGED ITS DEFENSE" AS PLAINTIFF CONTENDS**

In litigating this case, Plaintiff has developed a penchant for attempting to secure what he believes are contradictory statements by Defendant.  In opposition, Plaintiff argues (while conceding this is not relevant to the determination of the instant motion) that "in the past few days, the Defendant has radically changed is theory of this matter in total contradiction to its earlier filed positions." Plaintiff argues that Defendant made statements which somehow concede that Plaintiff was an hourly wage-earning cook with absolutely no ownership of Defendant.

These "statements" in no way support Plaintiff's position.

9

The alleged statements include: (i) an unsubstantiated April 2020 email from Defendant's alleged prior counsel which is not provided by Plaintiff and which is not part of a pleading; (ii) a May 21, 2020 letter and June 17, 2020 memorandum of law by Defendant's prior counsel stating that, like KPNY's principal, the Plaintiff is an employee of KPNY with no ownership interest nor decision-making authority in arguing that its principal is not an employer of the Plaintiff; (iii) a March 10, 2020 affidavit submitted by KPNY's principal, while admissible, only concerns Plaintiff's hours of work and that he was paid at least the minimum wage for all hours worked. It does not admit he was an employee. Unlike Plaintiff, Defendant did not make any statements in its pleadings,[3] and Plaintiff cannot rely on unsworn statements made by counsel in motions. See Spitzer v. Shanley Corp., 151 F.R.D. 264, 267 (S.D.N.Y. 1993) (statement made in memorandum of law has no evidentiary value); see also DeFilippo v. N.Y. State Unified Court Sys., No. 00-CIV.-2109 (NGG) (JMA), 2006 WL 842400, at *17 n.13 (E.D.N.Y. 2006) (refusing to give evidentiary value to statements in memorandum of law by *pro se* plaintiff who was also attorney).

Accordingly, Plaintiff's unsubstantiated assertions concerning Defendant's defenses are meritless. Even if they were (which they are not), a party is permitted to plead in the alternative. However, as set forth above and evident from a review of the docket in this case, no answer has been filed by Defendant thus far. As such, no judicial admissions have been made.

## **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that the Court: (1) set aside Judge Fox's Memorandum & Order dated December 2, 2020, and (2) for such other and further relief as this honorable Court deems just and proper.

---

[3] In fact, because its timely filed motion to dismiss pursuant to Rule 12(b)(6) remains *sub judice*, Defendant has not filed any pleadings in this case at all thus far.

Dated: Lake Success, New York
December 29, 2020

Respectfully submitted,

**MILMAN LABUDA LAW GROUP, PLLC**

By:  */s   Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*