UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Piyush Paleja,

                  Plaintiff,

-against-

KP NY Operations LLC a/k/a Kailash Parbat,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/15/2021
```

20 Civ. 475 (AT) (KNF)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Piyush Paleja, brings this action against Defendant, KP NY Operations LLC a/k/a Kailash Parbat, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.*, and for failure to provide spread of hours payments and proper notices of the details of his employment under the NYLL.  FAC, ECF No. 13.  Defendant moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 17.  Plaintiff seeks leave to file a second amended complaint to add Gary Mulchandani as a defendant.  ECF No. 28.  For the reasons stated below, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

**BACKGROUND**

    Paleja began working for Defendant, a restaurant and catering company, in 2013.  FAC ¶ 8.  He "regularly worked in excess of 40 hours per week" and "his total number of hours varied from week to week."  *Id.* ¶ 9.  He was paid a salary, but alleges that he should have been paid overtime premiums.  *Id.* ¶ 10.  He states that "in or about the first week of September, 2019" he "worked approximately 70 hours and was paid a salary of some $1400."  *Id.* ¶ 11.  Paleja alleges that his salary was reduced based on the amount of work he performed, but that nevertheless the fluctuating workweek method of calculating his wages applies, *Id.* ¶¶ 10–11, even though such a

payment scheme only applies to employees who "receive[] a fixed salary that does not vary with the number of hours worked in the workweek." 29 CFR § 778.114(a)(2).

Mulchandani is Defendant's head of operations and directly supervised Plaintiff. Pl. Mem. at 2, ECF No. 29; SAC ¶¶ 18a–18b, ECF No. 29-1. Mulchandani also determined Plaintiff's rate and method of pay, and ultimately fired him. SAC ¶¶ 18d–18e. Additionally, Plaintiff alleges that Mulchandani maintained Defendant's records. *Id.* ¶ 18f.

## ANALYSIS

I. Motion to Dismiss

    A. Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

The FLSA requires that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked

compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013). Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89–90 (2d Cir. 2013) (citing *Twombly,* 550 U.S. at 570); *Nakahata*, 723 F.3d at 199–201; *Gisomme v. HealthEx Corp.*, No. 13 Civ. 2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

    B. Application

Paleja's allegations are insufficient to state a claim for overtime compensation under the FLSA. Paleja's contention that he "regularly worked in excess of 40 hours per week," FAC ¶ 9, amounts to a "conclusory assertion, without any supporting factual context" that he "worked some number of excess hours in some unidentified week." *See Bustillos v. Acad. Bus, LLC*, No. 13 Civ. 565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014). Although Paleja alleges that he worked over 70 hours during one week in September 2019, he acknowledges that he was paid for those hours. FAC ¶ 11. Given that Paleja only pleads his hours and wage in the aggregate, the Court cannot determine whether that lump sum payment failed to include overtime compensation. *Spiteri v. Russo*, No. 12 Civ. 2780, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (dismissing case where "plaintiff has only generally alleged . . . an aggregate number of hours worked" and plaintiff conceded he was paid, thus the court could not determine which hours were not paid and whether any unpaid hours qualified for overtime payment). Accordingly, Defendant's motion to dismiss Paleja's FLSA overtime claim is GRANTED.

Because Paleja's FLSA claim has been dismissed, the Court declines to exercise supplemental jurisdiction over his NYLL claims. *See* 28 U.S.C. § 1367(c).

II. Leave to Amend the FAC

    A. Legal Standard

Leave to amend a complaint "shall be freely given when justice so requires," and it is "within the sound discretion of the district court to grant or deny leave to amend." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 15(a)). If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *5 (S.D.N.Y. Oct. 24, 2001) (quoting *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

    B. Application

Applying the foregoing principles, the Court denies Paleja leave to amend his complaint to add Mulchandani as a defendant. Paleja's amendment would be futile because adding a defendant will not overcome his failure to allege enough facts to state a FLSA overtime claim. *Jones*, 166 F.3d at 47.

Accordingly, Paleja's request for leave to amend the complaint is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's motion to amend the complaint is DENIED.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 15, 2021
      New York, New York

                                                  ANALISA TORRES
                                                 United States District Judge

5